United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60224
Summary Calendar

ANGELINE SITHOLE; DAVIS CHILUNDO; TOTIWE
RUMBIDZAI CHILUNDO; DAVIES TADIWA CHILUNDO,

                                        Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A96 276 090
No. A96 276 091
No. A96 276 092
No. A96 276 093
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Angeline Sithole, Davis Chilundo, Totiwe Chilundo and Davies Chilundo, natives and citizens of Zimbabwe, petition for review of an order to the Board of Immigration Appeals ("BIA") affirming an order of the immigrations judge ("IJ") denying their consolidated application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). Sithole, the lead applicant, concedes that her asylum application was untimely but contends that she has demonstrated changed circumstances that materially affect her eligibility for asylum. We lack jurisdiction to review this claim, which is therefore dismissed. See 8 U.S.C. § 1158(a)(3); Zhu v. Ashcroft, 382 F.3d 521, 527 (5th Cir. 2005).

In rejecting the applications, the BIA found that Sithole lacked credibility. This court generally reviews only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influenced the BIA. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Because the BIA summarily affirmed, without opinion, the IJ's decision is the final agency determination for judicial review. See 8 C.F.R. § 1003.1(a)(7)(iii).

The IJ articulated cogent reasons, supported by substantial evidence in the record, for rejecting Sithole's testimony as in-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credible.  See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994).  Absent credible testimony by Sithole, substantial evidence supports the IJ's determination that she failed to establish that she was eligible for withholding of removal.  See id.  She also has failed to show error in the IJ's denial of relief under the CAT.  See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).  Accordingly, the petitions for review are denied.

PETITIONS  DISMISSED  IN  PART  FOR  LACK  OF  JURISDICTION; PETITIONS DENIED IN PART.